IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : CRIMINAL NO. | 1:07-CR-205-01 |
| | : | 1:07-CR-205-02 |
| v. | : | 1:07-CR-205-03 |
| | : | 1:07-CR-205-04 |
| AVERY L. SOLLENBERGER, | : | 1:07-CR-205-05 |
| DENA SOLLENBERGER, | : | |
| GARY R. SOLLENBERGER, | : (Judge Conner) | |
| WENDELL D. SOLLENBERGER, and | : | |
| LUANNE L. HUNSINGER, | : | |
| Defendants | : | |

**MEMORANDUM**

Presently before the court is the issue of whether defendants' notice of appeal (Doc. 111) divests this court of jurisdiction to proceed to trial in the above-captioned case. Generally, the filing of a notice of appeal is an "event of jurisdictional significance [that] confers jurisdiction on the court of appeals and divests the district court of its control over . . . the case." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58-59 (1982) (per curiam). However, there are a few circumstances in which a district court may continue to exercise authority over a case after the filing of a notice of appeal. See generally United States v. Wilkes, 368 F. Supp. 2d 366 (M.D. Pa. 2005). One such circumstance occurs when the notice of appeal is premature because it relates to a non-appealable order or judgment. Mondrow v. Fountain House, 867 F.2d 798, 800 (3d Cir. 1989) ("[A] premature notice of appeal does not divest the district court of jurisdiction."); Venen v. Sweet, 758 F.2d 117, 120-22 (3d Cir. 1985) ("[I]n both civil and criminal

cases . . . the jurisdiction of the lower court to proceed in a cause is not lost by the taking of an appeal from an order or judgment which is not appealable.")

In the instant case, the notice of appeal relates to a memorandum and order disqualifying Jonathan F. Altman, Esquire from representing any of the defendants in the above-captioned action due to a conflict of interest.  (See Doc. 110.)  The court finds that the notice of appeal is premature and that, accordingly, this court retains jurisdiction over these proceedings despite the pendency of defendants' appeal.  Interlocutory appeals are permitted only in limited situations, when a continuation of the proceedings would foreclose vindication of the rights asserted.  See Flanagan v. United States, 465 U.S. 259, 265 (1984) (citing Coopers & Lybrand v. Livesay, 437 U.S. 463, 468 (1978)).  This is not such a situation.  Defendants may secure full relief on their claims regarding the alleged impropriety of Mr. Altman's disqualification following the entry of judgment in this case.  See Flanagan, 465 U.S. at 266-67 ("[A] constitutional objection to counsel's disqualification is in no danger of becoming moot upon conviction and sentence."); see also United States v. Gomez, 120 F. App'x 930, 932 (3d Cir. 2005) (holding that an order removing defense counsel based on a conflict of interest was not immediately appealable).  Accordingly, the memorandum and order disqualifying Mr. Altman is non-appealable, and the notice of appeal is ineffective to divest this court of jurisdiction.  See Mondrow, 867 F.2d at 800; Venen, 758 F.2d at 120-22; see also Allan Ides, The Authority of a Federal District Court To Proceed after a Notice of Appeal Has Been Filed, 143 F.R.D. 307, 311-12 (1992).

Furthermore, the only plausible explanation for the plainly deficient notice, and the sole possible effect of the appeal, is to delay the trial in the above-captioned action.  See Flanagan, 465 U.S. at 269 ("[A]n appeal of a disqualification order interrupts the trial.  In criminal cases such interruption exacts a presumptively prohibitive price."); Venen, 758 F.2d at 121 (recognizing the "great potential for disruption" posed by inappropriate appeals); see also 20 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 303.32 (3d ed. 1999) (indicating that unwarranted delay would bolster a district court's decision to retain jurisdiction after a premature notice of appeal).  There is no issue presented in the notice of appeal that cannot be presented post-trial, and there is no reason to postpone resolution of the general question of guilt or innocence pending appellate review.  Invocation of interlocutory appellate jurisdiction could serve only to inhibit "the smooth and effective functioning of the judicial process."  See United States v. Hitchmon, 602 F.2d 689, 694 (5th Cir. 1979) (en banc), quoted with approval in United States v. Leppo, 634 F.2d 101, 104-05 (3d Cir. 1980).  The court will not countenance these efforts.

This case will proceed to trial despite the notice of appeal.  The decision to go forward is not in any way in derogation of the jurisdiction of the Court of Appeals

for the Third Circuit.¹ The appellate court maintains exclusive authority to decide the merits of the appeal and enjoys the discretion to stay further trial proceedings pending its decision. In short, the fact that this court views the notice of appeal as invalid does not impinge on the ability of the Third Circuit to consider the issue *de novo*.² Absent contrary appellate directive, the parties must be prepared to proceed to trial, and the defendants shall obey the court's direction to obtain substitute counsel. An appropriate order will issue.

          S/ Christopher C. Conner
          CHRISTOPHER C. CONNER
          United States District Judge

Dated:      November 20, 2007

---

¹ As the Court of Appeals for the Third Circuit cogently remarked in addressing the district court's obligation to proceed in the face of a premature notice of appeal:

> We recognize that a district court may be reluctant to proceed when, in order to do so, it must in effect determine that the court of appeals has no jurisdiction. Nevertheless, such a procedure has the salutary effect of avoiding delay at the trial level during the pendency of an ineffective appeal. While this is not an invitation for district courts to resolve thorny issues of appellate jurisdiction, the application of the . . . rule [that a premature notice of appeal does not divest the district court of jurisdiction] is sufficiently clear, and the interest in expediting cases sufficiently strong, that the district courts should continue to exercise their jurisdiction when faced with clearly premature notices of appeal.

Mondrow, 867 F.2d at 800.

² See Leppo, 634 F.2d at 105 (3d Cir. 1980); see also 28 U.S.C. § 1651 (providing for petition for writ of mandamus or prohibition); FED. R. APP. P. 8 (providing for motion to stay proceedings pending appeal).

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | | |
|---|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.** | **1:07-CR-205-01** |
| | : | | 1:07-CR-205-02 |
| v. | : | | 1:07-CR-205-03 |
| | : | | 1:07-CR-205-04 |
| **AVERY L. SOLLENBERGER,** | : | | 1:07-CR-205-05 |
| **DENA SOLLENBERGER,** | : | | |
| **GARY R. SOLLENBERGER,** | : | **(Judge Conner)** | |
| **WENDELL D. SOLLENBERGER, and** | : | | |
| **LUANNE L. HUNSINGER,** | : | | |
| **Defendants** | : | | |

## **O R D E R**

AND NOW, this 20th day of November, 2007, upon consideration of the memorandum and order of court dated October 17, 2007 (Doc. 110), directing defendants to obtain qualified counsel on or before November 16, 2007, and of defendants' notice of appeal (Doc. 111), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. Defendants are directed to obtain qualified counsel and notify the court of the identity of such counsel on or before November 30, 2007.

2. Once the parties have retained counsel, the court will issue a revised pretrial and trial schedule.

3. The Clerk of Court is directed to serve copies of the instant memorandum and order upon the individual defendants.

                                                 S/ Christopher C. Conner  
                                                 CHRISTOPHER C. CONNER  
                                                 United States District Judge