IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO.  1:07-CR-205-01 |
| | : | 1:07-CR-205-02 |
| v. | : | 1:07-CR-205-03 |
| | : | 1:07-CR-205-04 |
| AVERY L. SOLLENBERGER, | : | 1:07-CR-205-05 |
| DENA SOLLENBERGER, | : | |
| GARY R. SOLLENBERGER, | : | (Judge Conner) |
| WENDELL D. SOLLENBERGER, and | : | |
| LUANNE L. HUNSINGER | : | |

**MEMORANDUM**

Presently before the court is the issue of whether defendants have knowingly and intelligently waived their rights to counsel. Despite ample opportunity, defendants have failed to retain private counsel. They have also declined to permit the court to conduct an inquiry into their financial eligibility for court-appointed counsel and have clearly stated that they do not wish to be represented by court-appointed counsel. For the reasons that follow, the court finds that each defendant has knowingly and intelligently waived his or her right to counsel and will be permitted to proceed *pro se* for the duration of the above-captioned action.

**I.    Factual Background**

Initially, all five defendants retained Jonathan Altman, Esquire to represent them in the above-captioned action. On August 15, 2007, the government filed a motion requesting a hearing to determine the propriety of Attorney Altman's joint representation. (See Doc. 66.) A hearing was held on September 7, 2007. (See Doc. 96.) On October 17, 2007, the court issued a memorandum and order disqualifying

Attorney Altman.  (See Doc. 110.)  The court directed defendants to obtain qualified substitute counsel on or before November 16, 2007.  (See id.)

On October 29, 2007, defendants filed an interlocutory appeal of Attorney Altman's disqualification.  (See Doc. 111.)  In a memorandum and order dated November 20, 2007, this court determined that the notice of appeal was defective and did not divest the court of jurisdiction and again ordered defendants to obtain qualified counsel, this time on or before November 30, 2007.  (See Doc. 115.)[1]

On November 26, 2007, the court received correspondence from Attorney Altman, indicating that his former clients had "no funds to retain another attorney."  (See Doc. 134.)  Accordingly, the court issued an order the following day advising defendants of the three options that were available to them, namely, proceeding *pro se*, electing court-appointed counsel, or retaining private counsel.  Defendants were also informed that they must select one of these three options on or before December 4, 2007.  They were provided with financial affidavits to be used if they elected to seek court-appointed counsel.  (See Doc. 116.)

On December 3, 2007, defendants submitted a letter advising the court that they would not proceed *pro se* and reasserting that Attorney Altman was their counsel of choice.  (See Doc. 119.)  On the following day, the court issued an order noting defendants' reluctance to proceed *pro se* and indicating that two choices remained for them, namely, retaining private counsel or electing court-appointed

---

[1] The United States Court of Appeals for the Third Circuit has since dismissed defendants' appeal for lack of jurisdiction.  (See Doc. 126.)

counsel. The deadline for compliance was again extended to February 4, 2008, and defendants were informed that no additional extensions would be granted absent exceptional circumstances. (See Doc. 121.) Shortly thereafter, the court received two letters from defendants asking for the reinstatement of Attorney Altman and indicating that defendants would neither proceed *pro se* nor accept court-appointed counsel. (See Docs. 122, 127.)

On February 6, 2008, the government filed a motion for an order to show cause why defendants should not be held in contempt for failing to comply with this court's orders. (See Doc. 130.) The government's motion was granted, and a show cause hearing was scheduled for February 21, 2008. (See Doc. 131.)[2] At the hearing, the court conducted a colloquy with each defendant individually and determined each to be competent. (Doc. 138 at 10-12, 33-35, 44-45, 59-61, 71-74.) In light of defendants' correspondence (Docs. 119, 122, 127, 132), the court inquired about each defendant's efforts to retain private counsel. (Id. at 14-23, 35-36, 45-47, 62-63, 75.) Upon learning that defendant Avery Sollenberger had assumed the burden of

---

[2] In a letter dated February 12, 2008, defendants attempted to explain their noncompliance with the court's orders and revealed to the court that they did not understand various aspects of court's prior decisions. (See Doc. 132.) During the show cause hearing, the court attempted to clarify defendants' misunderstandings. The court explained to defendants that their rights to counsel of choice are not absolute, but must give way to considerations of judicial administration, such as the need to prevent conflicts of interest like that inherent in Attorney Altman's representation of defendants. (Doc. 138 at 5-7); see also Wheat v. United States, 486 U.S. 153, 164 (1998); United States v. Tinsley, 172 F. App'x 431, 435 (3d Cir. 2006). The court stressed that its disqualification of Attorney Altman is final and will not be altered absent a directive from an appellate tribunal. (Doc. 138 at 8.)

3

locating counsel on behalf of all defendants, the court stressed to each defendant that their rights to counsel were individual and that they had attendant *individual* obligations to comply with the court's orders.  (Id. at 52, 63-65, 70, 75, 81-82.)  The court then advised each defendant of the three options available to any criminal defendant in their situation, i.e., to proceed *pro se*, elect court-appointed counsel, or retain private counsel.  (Id. at 24-25, 36-37, 47-78, 65-66, 76-77.)  Noting defendants' concerns that participating in an evaluation of their financial eligibility for court-appointed counsel would violate their privileges against self-incrimination, the court offered to conduct an *in camera* inquiry regarding each defendant's financial eligibility, to seal information obtained during the inquiry, and to prohibit its use at trial or otherwise.  (Id. at 25-26, 37-39, 49, 66-67, 77-78); see also United States v. Pavelko, 992 F.2d 32, 35 n.4 (3d Cir. 1993); United States v. Gravatt, 868 F.2d 585, 589-90 (3d Cir. 1989).  Each defendant rejected the court's offer and requested additional time in which to retain private counsel.  (Doc. 138 at 26, 39-40, 50, 67, 78.)  The court granted defendants until March 20, 2008 to retain private counsel and advised them that a failure to do so would result in an implied waiver of their individual rights to counsel.  (Id. at 26, 28-29, 40-41, 50-51, 67-69, 78-80.)  Finally, the court counseled each defendant against proceeding *pro se* and advised them to expand their efforts to retain private counsel.  (Id. at 29-31, 41-42, 52-53, 69-70, 80-82.)  To that end, the court provided defendants with a list of experienced federal

criminal defense lawyers who might be available to serve on their behalf. (Id. at 30-31, 84.)[3]

On March 18, 2008, the court received correspondence signed by all defendants that indicated that they remain "unable to find competent counsel that [they] trust" and that they "have chosen to handle their own legal matters in regards to this case." (Doc. 144.) No additional correspondence from defendants has been received, and the March 20, 2008 deadline has now lapsed.

**II.   Discussion**

A defendant's Sixth Amendment right to counsel is not absolute, but must "be balanced against the court's authority to control its own docket." United States v. Krzyske, 836 F.2d 1013, 1017 (6th Cir. 1987); see also Wheat v. United States, 486 U.S. 153, 164 (1998); United States v. Tinsley, 172 F. App'x 431, 435 (3d Cir. 2006). A court cannot permit a defendant's demand for counsel to "be utilized as a way to delay proceedings or trifle with the court." Kryszke, 836 F.2d 1017. A defendant may waive his or her right to counsel "when the record shows that [the defendant] was reasonably offered counsel but understandingly rejected the offer." Id. (citing Carnley v. Cochran, 369 U.S. 506, 516 (1962)).

In the instant case, defendants have been provided 155 days in which to retain private counsel or elect court-appointed counsel following the disqualification of Jonathan F. Altman, Esquire. Each defendant has failed to

---

[3] This list was composed of those attorneys who have been selected to serve on the Criminal Justice Act panel in this judicial district.

retain private counsel and has refused to provide the court with financial information sufficient to permit the court to ascertain eligibility for court-appointed counsel.  (See Doc. 138 at 26, 38-40, 50, 66-67, 77-78.)  Defendants now indicate that they "have chosen to handle their own legal matters in regards to this case." (Doc. 144.)  The court finds the 155-day period afforded to defendants to be more than a reasonably sufficient time in which to retain counsel.  Kryske, 836 F.2d at 1018 (finding three day period sufficient); United States v. Weninger, 624 F.2d 163, 166-67 (10th Cir. 1980) (finding two month period sufficient).  Any additional extensions of time would only serve to delay the instant proceedings.  See United States v. Rankin, 779 F.2d 956, 958 (3d Cir. 1986) (stating that a court cannot permit a defendant to use his or her right to counsel of choice "as a manipulative monkey wrench" to stall a proceeding).  Moreover, the court finds that defendants' recent decision to proceed *pro se* rather than retain private counsel was fully informed. Each defendant has been verbally advised by the court of his or her constitutional

right to assistance of counsel and of the pitfalls of proceeding *pro se*.[4]  (See Doc. 100 at 29; Doc. 138 at 29-30, 41-42, 52-53, 69-70, 80-81.)  When defendants made the decision to forego their rights to counsel, they were fully aware of the rights they were waiving and of the many disadvantages they will likely face as *pro se* defendants.

For the foregoing reasons, the court finds that defendants have knowingly, intelligently, and voluntarily waived their rights to counsel by repeatedly refusing to retain counsel despite the court's advice to the contrary.  See Weninger, 624 F.2d at 164-67 (finding that defendant's "stubborn failure to hire an attorney constituted a knowing and intelligent waiver of the right to assistance of counsel," where defendant elected to proceed *pro se* despite being made "aware of the dangers and disadvantages of self-representation"); see also United States v. Auen, 864 F.2d 4, 5 (2d Cir. 1988) (finding that defendant had knowingly, intelligently, and voluntarily waived his right to counsel where he elected to proceed *pro se* despite the court's

---

[4] Specifically, the court advised each defendant of the following:

You will . . . be required to argue all pretrial issues, including jurisdictional defects, without the benefit of counsel.  If you represent yourself, you are on your own.  I cannot tell you or even advise you how you should proceed during any phase of this case, including trial and sentencing if necessary.  I must advise you that in my opinion a trained lawyer would defend you far better than you could defend yourself.  I think it is unwise of you to try to represent yourself.  You are not familiar with all aspects of the law.  You are not familiar with all aspects of court procedure.  You are not familiar with all aspects of the rules of evidence.  I strongly urge you not to try to represent yourself.

(Doc. 138 at 29-30.)

repeated offers of the opportunity to obtain legal representation); Krzyske, 836 F.2d at 1017-19 (6th Cir. 1987) (finding waiver of right to counsel where record showed that the defendant "was reasonably offered counsel but understandingly rejected the offer").

In an abundance of caution, the court deems it appropriate to appoint the Gerald A. Lord, Esquire to act as standby counsel for defendants.[5] See United States v. Bertoli, 994 F.2d 1002, 1017 (3d Cir. 1993) (stating that "standby counsel should always be appointed in cases expected to be long or complicated or in which there are multiple defendants" and finding that the trial court possesses the inherent power to appoint standby counsel even for non-indigent defendants who object to the appointment). Should any defendant request separate counsel or should standby counsel become aware of any circumstance requiring separate counsel, the court will appoint separate standby counsel for each defendant.

An appropriate order shall issue.

      /s/ Christopher C. Conner  
CHRISTOPHER C. CONNER  
United States District Judge

Dated:       March 24, 2008

---

[5] Standby counsel is intended "to aid the accused if and when the accused requests help, and to be available to represent the accused in the event that termination of the [accused's] self-representation is necessary." Faretta v. California, 422 U.S. 806, 834 n.46 (1975). Standby counsel is a resource that the defendants may, but are not required, to utilize.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:07-CR-205-01** |
| | : | **1:07-CR-205-02** |
| v. | : | **1:07-CR-205-03** |
| | : | **1:07-CR-205-04** |
| **AVERY L. SOLLENBERGER,** | : | **1:07-CR-205-05** |
| **DENA SOLLENBERGER,** | : | |
| **GARY R. SOLLENBERGER,** | : | **(Judge Conner)** |
| **WENDELL D. SOLLENBERGER, and** | : | |
| **LUANNE L. HUNSINGER** | : | |

### ORDER

AND NOW, this 24th day of March, 2008, upon consideration of the show cause hearing held on February 21, 2008, at which the court directed defendants to retain counsel on or before March 20, 2008 or be deemed to have waived their individual rights to counsel (see Doc. 138 at 86), and of the letter from defendants dated March 18, 2008 (Doc. 144), indicating that defendants have "chosen to handle their own legal matters in regards to this case," and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. Defendants are DEEMED *pro se* in regards to the above-captioned case. See United States v. Auen, 864 F.2d 4, 5 (2d Cir. 1988); United States v. Krzyske, 836 F.2d 1013, 1017-19 (6th Cir. 1987); United States v. Weninger, 624 F.2d 163, 164-67 (10th Cir. 1980).

2. The briefing stay on defendants' motion to strike (Doc. 140) is LIFTED as follows:

    a. The government shall file a brief in opposition to the motion to strike (Doc. 140) on or before April 4, 2008.

    b. Defendants shall be permitted to file a brief in reply on or before April 18, 2008.

3. All pretrial motions **and supporting briefs** must be filed on or before April 16, 2008.

4. Gerald A. Lord, Esquire, of 139 East Philadelphia Street, York, Pennsylvania 17403, telephone number (717) 845-1524, is appointed as standby counsel for defendants.

5. All other deadlines set forth in the scheduling order dated February 21, 2008 (Doc. 136) remain in full force and effect.

    /s/ Christopher C. Conner  
CHRISTOPHER C. CONNER  
United States District Judge