IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO.  1:07-CR-205-01 |
| | : | 1:07-CR-205-02 |
| v. | : | 1:07-CR-205-03 |
| | : | 1:07-CR-205-04 |
| AVERY L. SOLLENBERGER, | : | 1:07-CR-205-05 |
| DENA SOLLENBERGER, | : | |
| GARY R. SOLLENBERGER, | : | (Judge Conner) |
| WENDELL D. SOLLENBERGER, and | : | |
| LUANNE L. HUNSINGER, | : | |
| Defendants | : | |

**MEMORANDUM**

Presently before the court is defendants' "motion to strike or in the alternative motion to quash all reference to summons, warrants, return to summons and return to warrant" (Doc. 140). For the reasons that follow, the court will deny the motion.

**I.    Factual Background**

The defendants, Avery L. Sollenberger ("Avery"), Dena Sollenberger ("Dena"), Gary R. Sollenberger ("Gary"), Wendell D. Sollenberger ("Wendell"), and Luanne L. Hunsinger ("Luanne"), are charged in a single indictment with conspiracy to defraud the United States by impeding, impairing, obstructing, and defeating the lawful functions of the Internal Revenue Service ("IRS") in the computation, assessment, and collection of income taxes. (See Doc. 1.) On the day that the indictment was issued, this court signed orders for issuance of arrest warrants for Gary and Wendell. (See Docs. 6, 7.) On May 24, 2007, these arrest warrants were issued by the Clerk of Court and executed and returned by IRS

agents.  (See Docs. 8, 9.)  On May 29, 2007, Gary and Wendell were arraigned before Magistrate Judge J. Andrew Smyser ("Judge Smyser") and entered pleas of not guilty.  (See Doc. 19.)

On July 11, 2007, the United States Marshals Service served summonses on Avery, Dena, and Luanne, commanding them to appear before Judge Smyser on July 17, 2007.  (See Doc. 153, Exs. A-C.)  All three summonses were served at the residence of Avery and Dena.  Luanne did not reside with Avery and Dena at the time.  (See Docs. 71, 72, 73.)  On July 12, 2007, the three defendants filed a motion for continuance of their initial appearance.  (See Doc. 38.)  The motion was granted, and the initial appearance was rescheduled for July 31, 2007.  (See Doc. 39.)  On July 31, 2007, Avery, Dena, and Luanne appeared before Judge Smyser as directed. The three defendants refused to enter a plea, so the court entered a plea of not guilty for each of them.  (See Doc. 40.)

On March 13, 2008, defendants filed the instant "motion to strike or in the alternative motion to quash all reference to summons, warrants, return to summons and return to warrant" (Doc. 140).  Although it is styled as a motion to strike, defendants' motion is properly considered a motion to dismiss the indictment because it questions the validity of the arrest warrants and summonses issued in the above-captioned action.  The motion has been fully briefed and is ripe for disposition.

## II. Discussion

The requirements for the issuance, form, execution, and return of summonses and arrest warrants on indictments are set forth in Rules 4 and 9 of the Federal Rules of Criminal Procedure.  The court will address the validity of the arrest warrants issued for Gary and Wendell, before considering the validity of the summonses issued to secure the appearance of Avery, Dena, and Luanne.

### A. Arrest Warrants

Defendants allege that the arrest warrants issued for Gary and Wendell were defective because:  (1) the IRS agents who executed them lacked proper authority, and (2) the defendants were not provided with copies of the warrants at the time of their arrest.  (See Docs. 140, 141.)  Turning to defendants' first argument, the court finds that the IRS agents possessed proper authority to execute the arrest warrants.  Rule 4(c)(1) of the Federal Rules of Criminal Procedure provides that "[o]nly a marshal or other authorized officer may execute a warrant."  IRS agents are explicitly authorized by statute to "execute and serve search warrants and arrest warrants, and serve subpoenas and summonses issued under authority of the United States."  26 U.S.C. § 7608(a)(2), (b)(2)(A).  Given this statutory authorization, the court finds that IRS agents qualify as authorized officers who may execute arrest warrants for purposes of Rule 4(c)(1).

Turning to defendants' second argument, Federal Rule of Criminal Procedure 4(c)(3) requires an executing officer who possesses a warrant to "show it to the defendant."  There is conflicting evidence in the record regarding whether

3

the executing agents complied with this requirement by providing Gary and Wendell with copies of the warrants upon their execution. The executing agents testified that Gary and Wendell were each provided with copies of the warrants upon their arrest. (See Doc. 153, Ex. D at 1 ("I provided [Gary] with a copy of the arrest warrant which was folded and placed in the front pocket of the shirt he was wearing."); Doc. 153, Ex. E at 1 ("I arrested Wendell Sollenberger and provided him with a copy of this arrest warrant.")). Defendants deny this and state that "Gary and Wendell have not seen or been shown or served a warrant supported by oath or affirmation." (Doc. 141 at 1.) A hearing to resolve this factual dispute is unnecessary because even if the court resolves the issue in favor of defendants and finds that the executing agents failed to provide Gary and Wendell with copies of the warrants, this error is a mere technical violation of Rule 4 that would not support a dismissal of the indictment. See United States v. Turcotte, 558 F.2d 893, 896 (8th Cir. 1977) (finding that the defendant's arrest was not unlawful due to the failure of the arresting officer to serve the defendant with a copy of the arrest warrant in violation of Rule 4). The Court of Appeals for the District of Columbia Circuit has stated that Rule 4(c)(3)'s requirement that a defendant be provided a copy of an arrest warrant serves three purposes.

> First, it might prevent any unexplained detention of a lawfully arrested defendant. . . .   Second, by informing him of the warrant and charges against him, the Rule might safeguard an arrestee's privilege against self-incrimination. . . .   Finally, the Rule might be designed to prevent unexplained arrests, thus insuring against the possibility that a suspect will, out of ignorance, resist a lawful arrest.

Bryson v. United States, 419 F.2d 695, 701 (D.C. Cir. 1969). The court went on to explain that where none of these purposes are implicated by a particular arrest, a violation of Rule 4(c)(3) is merely technical and will not support the dismissal of an indictment. Id. at 701-02. Here, as in Bryson, the purposes of Rule 4(c)(3) were not violated by the arrests of Gary and Wendell. Neither defendant was detained without explanation, incriminated himself, or resisted arrest. Accordingly, any violation of Rule 4(c)(3) is technical at best. The court will deny defendants' motion to dismiss the indictment to the extent it is premised on infirmities with the arrest warrants.[1]

**B.   Summonses**

Defendants allege that the summonses issued for Avery, Dena, and Luanne were defective because: (1) the summonses were not properly returned, and (2) Luanne's summons was neither delivered to her personally nor left at her

---

[1] The court notes that the arrest warrants at issue complied with the remaining requirements of Rules 4 and 9 of the Federal Rules of Criminal Procedure. At the government's request, this court issued arrest warrants for Gary and Wendell, both of whom are named in the indictment. See FED. R. CRIM. P. 9(a) ("The court must issue a warrant . . . for each defendant named in an indictment."); (see also Docs. 1, 6, 7). Each arrest warrant was signed by the Clerk of Court, identified the offense charged in the indictment, named the defendant, commanded that the defendant be arrested, and was served within the jurisdiction of the United States. See FED. R. CRIM. P. 9(b)(1) (requiring that warrants be "signed by the clerk" and "describe the offense charged in the indictment"); 4(b)(1) (requiring that warrants "contain the defendant's name" and "command that the defendant be arrested"); 4(c)(2) (establishing service location requirement); (see also Docs. 8, 9). Finally, the arresting agents returned the warrants "to the judge before whom" the defendants were brought for their initial appearances. See FED. R. CRIM. P. 4(c)(4); (see also Docs. 8, 9).

residence.  With respect to the first argument, the court finds that the summonses were properly returned by the United States Marshals Service.  (See Docs. 71-73.)  The United States Marshals Service personally effected service of the summonses on the three moving defendants and executed returns under penalty of perjury attesting to the fact that service had been effected.  See FED. R. CRIM. P. 4(c)(4) (establishing the standards for return of service).

Turning to the second argument, Federal Rule of Criminal Procedure 4(c)(3)(B) states that a summons may be served on an individual by personal delivery or by leaving a copy of the summons "at the defendant's residence or usual place of abode with a person of suitable age and discretion residing at that location."  The government concedes, in the case of Luanne, that the strictures of this rule were not followed.  (See Doc. 153 at 5.)  The summons was served on Luanne's father, who is certainly a person of suitable age and discretion to be trusted to deliver the summons to his daughter.  However, Luanne did not reside with her father at the time that the summons was served, so a technical violation of Rule 4 occurred.  The court finds that the summons bears only the most technical of deficiencies that did not affect Luanne's substantial rights and was served in compliance with the spirit, if not the letter, of Rule 4.  See FED. R. CRIM. P. 52(a) ("Any error, defect, irregularity, or variance that does not affect substantial rights must be disregarded."); see also Bank of Nova Scotia v. United States, 487 U.S. 250 (1988) (stating that Rule 52 harmless error inquiry applies where court is asked to dismiss indictment prior to conclusion of trial).  The summons was intended to

6

notify Luanne of the need for her to appear before Judge Smyser on July 17, 2007. On the day immediately following service of the summons, Luanne's attorney filed a motion on her behalf requesting an extension of the initial appearance. Given this timely response and Luanne's later appearance in court as scheduled, Luanne and her counsel clearly received the summons as required. Any error that resulted from the technically deficient service was harmless at best and cannot be used to support the dismissal of an otherwise valid indictment.[2]

### III. Conclusion

For the foregoing reasons, the court finds that the arrest warrants and summonses in the instant case are in substantial compliance with the requirements of Rules 4 and 9 of the Federal Rules of Criminal Procedure. Any areas of

---

[2] The court notes that the summonses complied with each remaining requirement of Rules 4 and 9 of the Federal Rules of Criminal Procedure. At the government's request, this court issued summonses for Avery, Dena, and Luanne, all of whom are named in the indictment. See FED. R. CRIM. P. 9(a) ("The court must issue a warrant – or at the government's request, a summons – for each defendant named in an indictment."); (see also Doc. 153, Exs. A-C). Each summons was signed by the Clerk of Court, identified the offense charged in the indictment, named the defendant, required the defendant to appear before the court at a stated time and place, and was served within the jurisdiction of the United States. See FED. R. CRIM. P. 9(b)(1) (requiring that summonses be "signed by the clerk" and "describe the offense charged in the indictment"); 4(b)(1) (requiring that summonses "contain the defendant's name"); 4(b)(2) (stating that summonses must "require the defendant to appear before a magistrate judge at a stated time and place); 4(c)(2) (establishing service location requirement); (see also Doc. 153, Exs. A-C).

noncompliance are technical at best and do not warrant dismissal of the indictment.  Accordingly, the court will deny defendants' motion.  An appropriate order shall issue.

           S/ Christopher C. Conner
          CHRISTOPHER C. CONNER
          United States District Judge

Dated:     May 2, 2008

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.  1:07-CR-205-01** |
| | : | 1:07-CR-205-02 |
| v. | : | 1:07-CR-205-03 |
| | : | 1:07-CR-205-04 |
| **AVERY L. SOLLENBERGER,** | : | 1:07-CR-205-05 |
| **DENA SOLLENBERGER,** | : | |
| **GARY R. SOLLENBERGER,** | : | **(Judge Conner)** |
| **WENDELL D. SOLLENBERGER**, and | : | |
| **LUANNE L. HUNSINGER,** | : | |
| Defendants | : | |

## O R D E R

AND NOW, this 2nd day of May, 2008, upon consideration of the "motion to strike or in the alternative motion to quash all reference to summons, warrants, return to summons and return to warrant" (Doc. 140), and for the reasons set forth in the accompanying memorandum, it is hereby ordered that the motion (Doc. 140) is DENIED.

      S/ Christopher C. Conner
      CHRISTOPHER C. CONNER
      United States District Judge