**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | | |
|---|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.** | **1:07-CR-205-01** |
| | : | | **1:07-CR-205-02** |
| **v.** | : | | **1:07-CR-205-03** |
| | : | | **1:07-CR-205-04** |
| **AVERY L. SOLLENBERGER,** | : | | |
| **DENA SOLLENBERGER,** | : | | |
| **GARY R. SOLLENBERGER, and** | : | **(Judge Conner)** | |
| **WENDELL D. SOLLENBERGER,** | : | | |

## ORDER

AND NOW, this 28th day of August, 2008, upon consideration of the government's motion in limine (Doc. 190), which seeks to exclude defendants' proposed opening statement[1] and *voir dire* questions because they contain irrelevant conclusions of law, and it appearing that the opening statement summarizes the facts underlying the criminal charges against defendants and states that defendants intend to present to the jury "statutes of law and related court cases" in support of their defense, (see Doc. 187 at 1),[2] and that defendants' proposed *voir dire* questions challenge the constitutionality of the Internal Revenue Code, (see id. at 2-3), the legality of the tax assessment process, (id. at 3), the means by which tax liens are attached to property, (id. at 3-4), the procedure by which the

---

[1]On July 18, 2008, the court instructed all parties to submit proposed *voir dire* questions and a list of trial exhibits. (See Doc. 169.) Defendants attached an opening statement to these documents without prompting from the court.

[2]Defendants Avery and Dena Sollenberger have submitted a joint opening statement and proposed *voir dire* questions. (See Doc. 187.) Gary Sollenberger and Wendell Sollenberger have provided separate filings. (See Docs. 176, 186.) The filings of all defendants are identical in all material respects.

Secretary of the Treasury may execute upon a tax lien or levy, (id. at 4), the law

enforcement authority of agents of the Internal Revenue Service, (id. at 4-5), and

the legal sufficiency of the oath or affirmation supporting the search warrant issued

for defendants' property, (id. at 5), and the court concluding that "[a]n opening

statement presented to a jury is limited in scope 'to a general statement of facts

which are intended or expected to be proved'" and is designed to "generally outline

or foreshadow[]" the testimony that follows, United States v. Dorival, No. Crim.

2004-0154-02, 2008 WL 1884166, at *34 (D.V.I. Apr. 24, 2008) (quoting United States

v. DeRosa, 548 F.2d 464, 470-71 (3d Cir. 1977)), that parties and witnesses may not

instruct the jury regarding matters of law, see Crowley v. Chait, 322 F. Supp. 2d 530,

550 (D.N.J. 2004) (stating that witnesses may not testify regarding controlling

principles of law), and that it is the duty of the court to charge the jury with regard

to legal matters, see id. (reiterating that it the court possesses the "rightful role to

instruct the jury on the law"); see also United States v. Smith, 296 F.3d 344, 348 (5th

Cir. 2002) (approving of trial court's instruction to jurors that "the court, not the

government, is the only source for instructions on the law"), and the court further

concluding that the government must demonstrate that a criminal tax defendant

"willfully" violated applicable tax law, that the defendant may rebut a showing of

willfulness by asserting that he or she possessed a good faith belief that the conduct

at issue complied with applicable law, see United States v. Kleinpaste, 124 F. App'x

134, 138 (3d Cir. 2005), that "a defendant's views about the validity of the tax

statutes are irrelevant to the issue of willfulness" because such views "do not arise

from innocent mistakes caused by the complexity of the tax code" but instead

"reveal full knowledge of the provisions at issue and a studied conclusion . . . that

those provisions are invalid," Cheek v. United States, 498 U.S. 192, 205-06 (1991),

and that the court may therefore prevent the jury from hearing a defendant's

challenge to the legality of the tax code, id., it is hereby ORDERED that the

government's motion in limine is GRANTED in part and DENIED in part as

follows:

1.   The motion (Doc. 190) is GRANTED to the extent that it seeks to preclude defendants' proposed *voir dire* questions from being read to the jury and to prevent defendants from informing the jury that they intend to introduce statutes or case law as evidence in their case. Defendants shall not present the contents of their *voir dire* questions or the text of statutes or case law to the jury at trial.

2.   The motion (Doc. 190) is DENIED to the extent that it seeks to preclude defendants from presenting evidence of the Internal Revenue Service investigation (including the search performed at defendants' property) or from referencing it during opening statements.  At trial, the parties may raise objections to evidence of these events to the extent that it does not elucidate the presentation of the alleged criminal acts with which defendants are charged.

  S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge