# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | CRIMINAL NO. 1:07-CR-0205-01 |
| | : | 1:07-CR-0205-03 |
| v. | : | 1:07-CR-0205-04 |
| | : | |
| **AVERY L. SOLLENBERGER,** | : | (Judge Conner) |
| **GARY R. SOLLENBERGER**, and | : | |
| **WENDELL D. SOLLENBERGER** | : | |

## **ORDER**

AND NOW, this 8th day of June, 2009, upon consideration of the government's unopposed motion (Doc. 287) to enforce the court's restitution orders against the above-captioned defendants,[1] and it appearing that the orders impose joint and several liability in the amount of $1,274,615.01, (see Docs. 273, 277, 282), that the motion seeks leave to apply the value of cash, coin, and bullion (hereinafter "the seized property") seized from defendants toward the outstanding restitution, and that the seized articles are valued at $529,401.48, (see Doc. 295 ¶ 8 & Ex. A), and the court concluding that a criminal order of restitution may be enforced "by all . . . available and reasonable means," 18 U.S.C. § 3664(m)(1)(A)(ii), and that application of the value of the seized property toward outstanding restitution amounts represents an available means of enforcing the court's restitution orders and is reasonable under the circumstances, see, e.g., United States v. Kaczynski, 446 F.

---

[1] Defendant Gary R. Sollenberger concurred in the government's motion. (See Doc. 287-2.) The court instructed defendants Avery L. Sollenberger and Wendell D. Sollenberger to oppose the motion no later than May 13, 2009. (See Doc. 289.) As of the date hereof, these defendants have not filed briefs in opposition. The motion is therefore deemed unopposed. See L.R. 7.6; (Doc. 289).

Supp. 2d 1146, 1151-55, (E.D. Cal. 2006) (approving a plan for the sale of property seized from defendant under which proceeds would be applied to outstanding restitution), aff'd 551 F.3d 1120 (9th Cir. 2009); accord United States v. Wallace, 213 F. App'x 98, 99 (3d Cir. 2007) (refusing to return seized property to defendant because his assets were subject to an outstanding restitution award); United States v. Craig, No. 1:06-CR-0219, 2008 WL 5412828, at *1 (M.D. Pa. Dec. 30, 2008) (applying funds seized from defendant to outstanding restitution award), it is hereby ORDERED that the motion (Doc. 287) is GRANTED. The government is permitted to apply the value of property seized from defendants toward the outstanding judgments of restitution.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge